IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY CROSS | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 11- |
| | : | |
| WAWA | | JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff is Roy Cross, an individual residing at 137 Trainer Street, Chester, PA 19013.  Plaintiff is married and is the father of five children.

2. Defendant is Wawa, a corporation believed to be duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 260 W. Baltimore Pike, Wawa, PA 19063.  Defendant is an entity engaged in an activity affecting interstate commerce and employs more than fifty people at its facility in Wawa, Pennsylvania.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and the Family Medical Leave Act of 1993, 29 U.S.C. §2601, et seq. ("FMLA").

4. The acts herein complained of all occurred at Defendant's place of business in Wawa, Delaware County, Pennsylvania.

6. Plaintiff was first employed by Defendant in or about August, 2005 as a fork lift operator.  He continued his employment until he was terminated on November 19, 2009.  During the twelve months of his employment with Defendant, prior to his use of

FMLA leave in November, 2009, Plaintiff worked more than 1250 hours for Defendant.

6. Pursuant to the provisions of the FMLA, Plaintiff was entitled to twelve weeks leave for disability for a serious medical condition of himself or an immediate family member.

7. During the years 2007, 2008 and 2009, Plaintiff used intermittent FMLA leave to attend to his wife, who suffers from a serious medical condition; significant back problems for which she had had three surgeries, including lamenectomies, discectomy, spinal fusion and implanting a spinal cord stimulator, as a result of which she has been completely disabled and requires continuing treatment from health care providers. Defendant was aware of Plaintiff's wife's serious medical condition. Defendant granted FMLA leave to Plaintiff on the occasions when he requested prior to November, 2009. On each such occasion, Plaintiff would typically give Defendant sufficient advance notice when he knew of medical appointments for his wife and would typically not take leave for more than one or two days at a time.

8. Although Plaintiff did not keep records of all the days he used for FMLA leave during 2007, 2008 and 2009, the total number of days he used in any given twelve month period would in no way even approach twelve weeks. When his wife had her surgeries, Plaintiff used accumulated vacation and personal leave time and not FMLA leave.

9. On those occasions in the years 2007-2009 when Plaintiff required FMLA leave because of an emergency situation with his wife, he would call in to one of his

supervisors to advise of the need for leave and then, when he next reported to work, would bring a doctor's note to explain the need for the leave. Prior to November, 2009, Defendant always allowed Plaintiff to use his intermittent FMLA leave in this way.

10. On November 9, 2009, Plaintiff's wife awoke in terrible pain and could not move. Plaintiff called Bill Palmer, his supervisor, to advise him that he would not be able to come to work that day and probably the following day as well because he would have to attend to his wife's needs. Mr. Palmer acknowledged the propriety of the notice and the request to use intermittent FMLA leave. Mr. Palmer also asked Plaintiff to bring a doctor's note when he returned to work.

11. Plaintiff then cared for his wife on November 9 and 10, 2009.

12. Plaintiff returned to work on November 11, 2009 with the doctor's note he had been asked to bring. Plaintiff was not permitted to hand in the doctor's note and was told immediately on his arrival that he was suspended without pay for five work days.

13. Plaintiff next reported to work on November 19, 2009, having served the five day suspension without pay.

14. As soon as he arrived at Defendant's place of business on November 19, 2009, Plaintiff was directed to a meeting room and given a written notice of termination of his employment. Plaintiff was not give the opportunity to explain the reason for his absence from work on November 9 and 10, to explain how he had called Mr. Palmer with the notice of need for intermittent FMLA leave, nor permitted to submit the doctor's note,

which he had brought with him originally on November 11, 2009 and again on November 19, 2009.

15. Since his discharge, Plaintiff has been unable to obtain regular employment. In an effort to improve his employability, Plaintiff took a course and became certified as a motorcycle mechanic.

16. Defendant's conduct is a violation of the FMLA in that Defendant has discriminated against Plaintiff by terminating his employment because he attempted to exercise his rights under the FMLA and retaliated against him for exercising his FMLA rights.

17. Defendant acted willfully, outrageously, maliciously, illegally, intentionally and/or with animus toward Plaintiff, with knowledge that it was violating the FMLA.

18. At all times during his employment, Plaintiff's job performance equaled or exceeded the standards for fork lift operators employed by Defendant and he was entitled to continue in his position of employment with Defendant.

19. The close proximity in time between Plaintiff's request for FMLA intermittent leave and his discharge establishes that retaliation was the sole, motivating and/or likely reason for the discharge of Plaintiff.

20. Defendant is liable for the illegal interference in the exercise of his rights suffered by Plaintiff and did not take any action to prevent that interference.

21. By reason of the foregoing, Plaintiff has suffered, and will suffer in the future,

irreparable harm and has suffered damages in his loss of salary and benefits, mental anguish and embarrassment, and will continue to lose such salary, benefits, mental anguish and embarrassment going forward.

22. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff on the basis of his attempt to exercise his FMLA rights, and were retaliatory in nature following Plaintiff's attempt to use his FMLA rights and were intentional and willful in nature.

WHEREFORE, Plaintiff seeks the following relief:

(a) an award of lost back pay and all other benefits and increments to which Plaintiff is entitled;

(b) an award of front pay and all other benefits and increments to which Plaintiff is entitled;

(c) reinstatement to the position which Plaintiff previously held with Defendant.

(d) an award of such other and further relief as this Court deems just, including, but not limited to, punitive damages, double damages for his loss of salary and benefits, medical expenses incurred by reason of the denial of medical insurance benefits, pre-judgment interest and such other reasonable and appropriate relief necessary to correct the illegality and wrongs done to Plaintiff; and

(d) an award of Plaintiff's costs and reasonable attorney's fees.

.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury on all issues for which a trial by jury is appropriate.

　　　　SS 503　　　　　　
Steven T. Stern
1608 Walnut Street, 9th Floor
Philadelphia, PA 19103
(215) 732-4200
Attorney for Plaintiff, Roy Cross
